FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10303 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00493-GEB |
| v. | |
| ISMAEL ARIZAGA RAMOS, a.k.a. Ismael Ramos Arizaga, a.k.a. Ismael Arizaga-Ramos, a.k.a. Arriaga Franco, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Ismael Arizaga Ramos appeals from the 96-month sentence imposed

following his guilty-plea conviction for being a deported alien found in the United

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ramos contends that the district court relied upon a clearly erroneous fact at sentencing. The district court did not rely on the future location of Ramos's family.

Ramos next contends that the district court abused its discretion by failing to grant him a departure for cultural assimilation. Ramos also argues that his sentence is substantively unreasonable because the district court failed to take into account that his past criminal history was influenced by mental illness, because the government delayed in prosecuting him, and because U.S.S.G. § 2L1.2(b)(1)(A) lacks a sound policy rationale. The sentence at the top of the advisory Sentencing Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, which include a criminal and immigration history that underscores the need to protect the public, afford adequate deterrence and promote respect for the criminal and immigration laws of the United States. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); U.S.S.G. § 2L1.2 cmt. n.8.

**AFFIRMED.**